UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BURT,

        Petitioner,

v.                                                           Case Number: 10-cv-12099
                                                                Honorable Thomas L. Ludington

CHRISTOPHER ZYCH,

        Respondent.
_____/

**<u>ORDER DENYING MOTION TO COMPEL</u>**

Petitioner Michael Burt seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On November 23, 2010, Petitioner Burt also filed a motion to compel answers to Petitioner's first set of interrogatories and admissions to respondent. [Dkt. # 11.] For the reasons stated, the Court will deny the motion.

Generally, habeas petitioners, unlike civil litigants in federal court, are not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under Rule 5 of the Rules Governing Section 2254 Cases, the respondent is required to address the allegations in the petition, and state whether any claims in the petition are barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity or a statute of limitations. The answer must also indicate what transcripts of the pretrial, trial, sentencing, or post-conviction proceedings are available, when they can be furnished, the proceedings that have been recorded but not transcribed, and attach to the answer parts of the available transcripts that the respondent considers relevant. On August 31, 2010, Respondent submitted a response to Petitioner's petition that included all the relevant state court materials required pursuant to Rule 5 of the Rules Governing Section 2254 Cases.

Petitioner's first set of interrogatories and admissions to respondent goes beyond the materials required under Rule 5 in seeking personal contact information for correctional facility personnel, hypothetical administrative response and remedy information, prison capacity information, prison policymaking information, and factual and legal admissions. Because Petitioner is limited to the required Rule 5 materials, his motion to compel will be denied.

Accordingly, Petitioner's motion to compel. [Dkt. # 11] is **DENIED WITHOUT PREJUDICE**. Should the Court determine, after reviewing Respondent's response and the Rule 5 materials, that such materials are necessary for the resolution of Petitioner's case, it will reconsider Petitioner's request and issue an appropriate order. Petitioner need not file an additional motion regarding this issue.

    **IT IS SO ORDERED.**

                                                        s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

Dated: January 3, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 3, 2011.

                                  s/Tracy A. Jacobs
                                  TRACY A. JACOBS