UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL BURT,

                Petitioner,

v.                                      Case Number: 10-cv-12099-BC
                                        Honorable Thomas L. Ludington

CHRISTOPHER ZYCH,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AS
MOOT AND DISMISSING CASE**

      Michael Burt ("Petitioner") was a federal prisoner confined at the Federal Correctional

Institution in Milan, Michigan ("FCI-Milan") at the time he filed his petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241. In his petition, he challenged the length of time that he should

have been placed in a Residential Reentry Center ("RRC"). Respondent initially filed an answer to

the petition contending that it should be denied. Respondent has since notified the Court that

Petitioner was released from federal custody on February 8, 2011, and asserts that the petition should

be denied as moot. For the reasons stated, the petition for writ of habeas corpus will be denied as

moot.

I.

      Petitioner was convicted of income tax evasion in violation of 26 U.S.C. § 7201 and was

sentenced to a twenty-seven month term of imprisonment and two years of supervised release on

December 3, 2008. On December 2, 2009, a Second Chance Act, Pub. L. No. 110-199 (2008),

review was conducted in Petitioner's case to determine whether and how long he should be placed

in a RRC. The review panel determined that a 120-day placement was appropriate in his case.

Petitioner challenged the BOP's decision administratively, arguing that staff only considered him for placement in a RRC for four months instead of the maximum twelve months allowed by the Second Chance Act. In denying his request, the warden explained that Petitioner was evaluated individually for RRC placement and that 120 days was sufficient for him to successfully reintegrate into the community.

Petitioner appealed that decision to both the Regional and Central Offices for Inmate Appeals. He was unsuccessful in his challenge with the Regional Office and did not receive a response from the Central Office. When he did not receive a response from the Central Office within the allotted time, he filed a habeas petition with this Court. The Central Office then denied Petitioner's appeal on June 21, 2010.

On August 31, 2010, Respondent filed an answer to the petition, contending that it should be denied. On June 8, 2011, Respondent subsequently filed a "Suggestion of Mootness Due to Petitioner's Release" [Dkt. #13] with the Court, stating that Petitioner was released from custody on February 8, 2011 and contending that his petition is now moot. Petitioner filed an objection [Dkt. #15] on June 17, 2011, contending that the issues presented in his petition remain relevant because Respondent has a history of delaying the administrative process until a release renders a case moot.

II.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal-judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)

("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *See Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004) (citation omitted). Similarly, a claim for habeas relief becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *See*, e.g., *Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief); *Johnson v. Riveland*, 855 F.2d 1477, 1479-80 (10th Cir. 1998).

As noted, Respondent has informed the Court that Petitioner has been released from federal custody. The BOP Inmate Locator database confirms that Petitioner was released on February 8, 2011. Petitioner has been released from custody and the Court can no longer grant Petitioner further relief on the claims contained in his petition. *See Carafas v. La Vallee*, 391 U.S. 234, 237-238 (1968) (noting in part that a habeas corpus petition becomes moot upon the petitioner being released from custody unless the petitioner has demonstrated an ongoing collateral consequence); *Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding that a claim is moot when the court no longer has power to grant the requested relief); *see also Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973) (stating that damages are not available in a habeas corpus petition). As a result, the present case has been rendered moot and must be dismissed.

III.

For the reasons stated, the Court concludes that there is no longer any case or controversy for the Court to resolve in this matter.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus [Dkt. #1] is

**DENIED** and **DISMISSED** as moot.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 19, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney of record herein by electronic means and upon
Michael Burt, at 39 Mark Street, Pontiac, MI 48341 by first class U.S.
mail on July 19, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS