UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL BURT,

       Petitioner,

v.                                                   Case Number: 10-CV-12099-BC
                                                   Honorable Thomas L. Ludington

CHRISTOPHER ZYCH,

       Respondent.
_____/

## OPINION AND ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT AND RELIEF FROM JUDGMENT AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Michael Burt ("Petitioner") was a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan") at the time he filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, he challenged the length of time that he should have been placed in a Residential Reentry Center ("RRC"). Petitioner was released from custody on February 8, 2011. The Court issued an opinion and order denying Petitioner's petition for writ of habeas corpus as moot and dismissing the case on July 19, 2011. ECF No. 16. Now before the Court is Petitioner's "Motion to Alter or Amend an Order and Judgment for Relief" ECF No. 18. Petitioner's motion is filed pursuant to Federal Rules of Civil Procedure 59 and 60. For the reasons provided herein, Petitioner's motion will be denied.

I

A motion filed after a judgment has been entered is correctly considered as either a motion for new trial or motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). Rule 59(e) allows a party to file a motion to alter or amend judgment within a twenty-eight-day time period of the entry of the

Judgment. Petitioner's motion provides that it was submitted on August 15, 2011, and is therefore timely.

The disposition of a motion filed pursuant to Rule 59(e), is "entrusted to the [c]ourt's sound discretion." *Keweenaw Bay Indian Comty. v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (citing *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). Rule 59(e) motions are generally granted when one of the following circumstances arises: (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice. *Keweenaw Bay*, 940 F. Supp. at 1141 (citing *Javetz v. Bd. of Control, Grand Valley State Univ.*, 903 F.Supp. 1181, 1190 (W.D. Mich. 1995)). "A Rule 59(e) motion, however, is not intended as a vehicle to relitigate previously considered issues [], [and] should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence [], [and] the 'proper vehicle for relief is an appeal' rather than a motion to alter or amend." *Id.* (citations omitted).

Federal Rule of Civil Procedure 60(b) permits federal courts to relieve a party from a final judgment for certain specified reasons and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The rule applies to habeas corpus proceedings, but a movant seeking relief under Rule 60(b)(6) is required "to show 'extraordinary circumstances' justifying the reopening of a final judgment. Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (internal citations omitted). Rule 60(c) states that a motion filed under Rule 60(b) must be made within a reasonable time, and the Court concludes that Petitioner's motion pursuant to Rule 60(b) is also timely.

Petitioner's arguments, however, merely state his disagreement with the Court's July 19,

2011 opinion and order dismissing his case as moot. Petitioner does not argue that an intervening change in the law requires that the Court amend its judgment, nor does he establish that the Court committed a clear error of law which must be remedied. Petitioner's arguments also do not satisfy the only remaining prong under which Rule 59(e) relief may be granted—that evidence not previously available suddenly has become available. Petitioner also has not alleged any extraordinary circumstances that justify reopening the final judgment in his habeas corpus proceedings. Petitioner thus has not demonstrated that he is entitled to relief under either Rule 59 or 60. Accordingly, Petitioner's "Motion to Alter or Amend an Order and Judgment for Relief" will be denied.

## II

The remaining question is whether a certificate of appealability should issue, because a certificate of appealability is necessary to appeal the denial of a Rule 60(b) motion for relief from judgment. *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003)

(citations omitted). Reasonable jurists would not conclude that the issues raised herein deserve further review. Therefore, a certificate of appealability will be denied.

### III

Accordingly, it is **ORDERED** that Petitioner's "Motion to Alter or Amend an Order and Judgment for Relief" (ECF No. 18) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

                                              s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge

Dated: September 1, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Michael Burt, at 39 Mark Street, Pontiac, MI 48341 by first class U.S. mail on September 1, 2011.

                            s/Tracy A. Jacobs
                            TRACY A. JACOBS